IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM T. WINDSOR, | § | |
| | § | No. 193, 2015 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Sussex County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos.  1212009736A |
| | § | 1212009736B |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 13, 2015
Decided: September 25, 2015

Before **STRINE**, Chief Justice; **VAUGHN,** and **SEITZ**, Justices.

# O R D E R

This 25th day of September 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, William T. Windsor, filed this appeal from the Superior Court's summary dismissal of his first motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61").  The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Windsor's opening brief that the appeal is without merit.  We agree and affirm.

(2)     On February 18, 2013, Windsor was charged in a 160-count indictment of various sex offenses committed over a period of years against two victims ("Victim 1" and "Victim 2").  At Windsor's request, the Superior Court severed the 160-count indictment into two cases, Case A and Case B.  Case A consisted of 151 counts relating to Victim 1, and Case B consisted of nine counts relating to Victim 2.

(3)     On the morning of jury selection, the State offered amended indictments reducing the number of counts in Case A from 151 to twelve and in Case B from nine to eight.  Later that same day, Windsor agreed to plead guilty to one count of Rape in the Second Degree in Case A and to plead *nolo contendere* to one count of Continuous Sexual Abuse of a Child in Case B.  In exchange for Windsor's plea, the State agreed to dismiss the rest of the indicted offenses in both cases.  During the guilty plea colloquy, Windsor acknowledged that he understood that Rape in the Second Degree and Continuous Sexual Abuse of a Child were Class B felonies and had a penalty range of two to twenty-five years each, and that each offense required a minimum mandatory sentence at Level V, ten years for Rape in the Second Degree and two years for Continuous Sexual Abuse of a Child.

(4)     At sentencing on December 13, 2013, Windsor told the Superior Court that he wanted to file a *pro se* motion to withdraw the guilty

2

plea. The Superior Court refused to hear the motion because it was untimely and because Windsor was represented by counsel who was unaware of it. After finding several applicable aggravating factors, the Superior Court sentenced Windsor to a total of fifty years at Level V, twenty-five years for each offense, suspended after a total of twenty-two years for decreasing levels of supervision.

(5) On direct appeal, Windsor's counsel filed a no merit brief under Supreme Court Rule 26(c). Windsor supplemented the brief with several claims he wanted the Court to consider.[1] By Order dated August 24, 2014, the Court rejected Windsor's claims and affirmed the Superior Court's judgment.[2]

(6) On February 23, 2015, Windsor filed a motion for postconviction relief under Rule 61 and requested the appointment of counsel. Windsor's postconviction motion reiterated all of the claims that he raised on direct appeal. Also, Windsor alleged that his guilty plea was invalid because the prosecution sought, and was granted, an illegal amendment of the indictment. Windsor also alleged that he and his counsel

---

[1] Windsor alleged prosecutorial misconduct, claiming that the 160-count indictment was multiplicitous and was intended to coerce him to plead guilty. Also, Windsor challenged the Superior Court's refusal to consider his motion to withdraw the guilty plea and the sentence imposed by the Superior Court.

[2] *Windsor v. State*, 2014 WL 4264915 (Del. Aug. 28, 2014).

3

were not given the opportunity to review the presentence report. Finally, Windsor alleged that his guilty plea was involuntary due to ineffective assistance of counsel.

(7) By order dated March 25, 2015, the Superior Court summarily dismissed Windsor's motion for postconviction relief and denied his request for appointment of counsel.[3] The Superior Court barred the claims previously raised on direct appeal under Rule 61(i)(4) and barred the claim concerning the presentence report under Rule 61(i)(3).[4] Under Rule 61(i)(5), the Superior Court determined that none of the procedurally barred claims was exempt from the applicable procedural bar because none of the claims alleged that the court lacked jurisdiction or satisfied the pleading requirements of Rule 61(d)(2).[5] Also, the Superior Court dismissed the ineffective assistance of counsel claim as "conclusory" and the indictment claim as "nonsensical." This appeal followed.

---

[3] Del. Super. Ct. Crim. R. 61(d)(5) (governing summary dismissal); Del. Super. Ct. Crim. R. 61(e)(2) (governing appointment of counsel for first postconviction motions in guilty plea cases).

[4] Del. Super. Ct. Crim. R. 61 (i)(4) (barring formerly adjudicated ground for relief); *Id.* at (3) (barring ground for relief that could have been asserted but was not).

[5] *Id.* at (5) (providing when procedural bars are inapplicable). *Huffman v. State*, 2015 WL 4094234, at *4 (Del. July 6, 2015) (applying, under Rule 61(i)(5), procedural requirements of Rule 61(d)(2) to timely, first motion for postconviction relief in guilty plea case).

(8)     On appeal from the denial of postconviction relief, we review the Superior Court's order for abuse of discretion and questions of law *de novo*.[6] Generally, the Court will not consider claims for postconviction relief that were not fairly raised in the postconviction proceeding before the Superior Court.[7] Also, the Court does not consider claims that were raised in the postconviction motion but were not briefed on appeal.[8]

(9)     In this case, Windsor raises several claims on appeal that he did not raise in his postconviction motion.[9] The Court declines to consider those claims for the first time on appeal. Also, the Court has not considered several claims that Windsor raised in his postconviction motion but did not brief on appeal.[10]

(10)    Windsor's opening brief on appeal alleges specific examples of his counsel's errors and oversights in support of his claim that his guilty plea

---

[6] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[7] *See* Del. Supr. Ct. R. 8 (governing questions which may be raised on appeal); *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) ("This Court, in the exercise of its appellate authority, will generally decline to review contentions not raised below and not fairly presented to the trial court for decision.").

[8] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[9] It appears that the claims also were not raised during the guilty plea proceedings or on direct appeal. Windsor's first-time claims are that he was arrested without a warrant in violation of his constitutional rights, did not have the assistance of counsel at the preliminary hearing, had a different counsel at the arraignment than he had during the first case review, and that the Office of Public Defender had a conflict of interest in representing him.

[10] Windsor has not briefed the claims that were procedurally barred under Rule 61(i)(3), (4), and (5).

was involuntary due to ineffective assistance of counsel.[11] The time and place to have brought the more fully developed claim was in the postconviction motion in the Superior Court. Nonetheless, the Court, in its discretion, has considered the claim under a plain error standard of review and has concluded that the claim is inconsistent with the guilty plea colloquy and without merit.[12]

(11) During the plea colloquy, Windsor acknowledged that he fully understood the charges against him and that he understood the consequences of pleading guilty. Windsor stated that he was pleading guilty to Rape in the

---

[11] Windsor alleges that he provided his counsel with text messages and affidavits that proved that Victim 1 was lying, which counsel failed to use. Also, Windsor claims that his counsel failed to show evidence to Windsor, such as the victims' interviews with the police. According to Windsor, the interviews revealed that the victims' father had convinced the victims "to lie in court," and that the police "used suggestive and leading questioning" to get Victim 1 to "change her story." In a related claim, Windsor alleges that his counsel failed to move to suppress Victim 1's statement to the police. Also, Windsor alleges that his counsel failed to communicate with him about important events in the case, such as when counsel withdrew a motion for a bill of particulars and agreed to reschedule the sentencing. Moreover, Windsor contends that his counsel misinformed him about the status of a request by the State to rejoin the cases. According to Windsor, had he understood that the Superior Court had denied the request to rejoin the cases, he would not have pled guilty and would have insisted on going to trial. Also, Windsor contends that counsel misled the Superior Court when counsel denied knowing that Windsor wanted to move to withdraw the guilty plea. According to Windsor, had counsel not misled the court, the court would have considered the motion. Finally, Windsor contends that his counsel refused to move to amend the Rule 26(c) brief with additional points that Windsor wanted to submit, even though the deadline for filing the brief was still two days away.

[12] Del. Supr. Ct. R. 8. Plain error is "limited to material defects which are apparent on the face of the record; which are basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice." *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

6

Second Degree in Case A because he committed that offense, and that he wished to plead *nolo contendere* to Continuous Sexual Abuse of a Child in Case B. Windsor denied that he was threatened or coerced to plead guilty, and stated that he was satisfied with his counsel's representation. In the absence of clear and convincing evidence to the contrary, Windsor is bound by his sworn statements.[13]

(12) Windsor's opening brief on appeal also offers a clearer explanation of the indictment claim, which the Superior Court dismissed as nonsensical. Fairly summarized, Windsor claims that he pled guilty to a greater offense than was originally indicted.[14] The claim is not supported by the record.[15]

(13) A voluntary guilty plea constitutes a waiver of most alleged defects or errors occurring before the entry of a plea.[16] In this case, the

---

[13] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[14] Specifically, Windsor alleges that he pled guilty to an offense in Case A – Rape in the Second Degree – that was originally charged in Case B. According to Windsor, the Superior Court permitted the prosecution to transfer the offense from Case B to Case A and to use the more serious offense from Case B to replace a less serious offense in Case A. Windsor contends that the transfer of the offense from Case B to Case A, and the replacement of the less serious offense with the more serious offense, invalidates the guilty plea.

[15] The 160-count indictment voted on by the grand jury and filed in the Superior Court on February 18, 2013, indicted Windsor on one count of Rape in the Second Degree as to Victim 1.

[16] *See Powell v. State*, 2010 WL 572129, at *2 (Del. Feb. 18, 2010) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)). *See also Mumford v. State*, 2000 WL 431600, at *1 (Del. Apr. 6, 2000) ("[A] properly entered plea of guilty, such as the plea entered

Court concludes that Windsor's voluntary guilty plea to Rape in the Second Degree waived his claim that the indictment was illegally amended.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

here, constitutes a waiver of all errors or defects occurring before the plea, except a lack of subject matter jurisdiction.").